ROTHENBERG, J.
Jorge Rodriguez (“Rodriguez”) appeals the trial court’s order denying his rule 3.850 motion for postconviction relief. We affirm the denial of his motion regarding the claims alleged in grounds (2) and (3) and reverse as to the claims alleged in grounds (1), (4), (5), and (6). If the trial court summarily denies these claims on remand, it must attach those portions of the record which conclusively refute these claims, or it must conduct an evidentiary hearing.
A jury found Rodriguez guilty of burglary of an unoccupied conveyance and misdemeanor battery. However, Rodriguez was acquitted of aggravated battery, and during the trial, the State nolle prossed the criminal mischief charge. This Court affirmed the judgment and sentence, Rodriguez v. State, 11 So.3d 959 (Fla. 3d DCA 2009), and issued its mandate on June 23, 2009. On September 9, 2009, Rodriguez filed the instant motion, which was summarily denied by the trial court.
In his motion for postconviction relief, Rodriguez makes the following claims:
(1) Defense counsel deprived the defendant of his right to a fair and impartial trial and his right to effective assistance of counsel by failing to move for a mistrial when the collateral evidence was made a feature of the trial.
(2) The trial court and defense counsel deprived the defendant of his right to a fair trial when the State chose to nolle prosse the criminal mischief charge.
(3) The defendant was deprived of his right to a fair trial because defense counsel failed to move for a new trial after the trial court permitted the prosecutor to hand the verdict form to the jury.
(4) Defense counsel provided ineffective assistance of counsel by failing to object to the trial court’s answer to a question posed by the jury during its deliberations.
(5) Defense counsel provided ineffective assistance of counsel by failing to convey a favorable plea offer by the State.
(6) The cumulative effect of defense counsel’s errors deprived the defendant of a fair trial.
Claims (2) and (3) could have been raised on direct appeal and, therefore, are procedurally barred, see Esquivel v. State, 995 So.2d 575 (Fla. 3d DCA 2008), and/or *729 of no merit. The remaining claims, however, must be conclusively refuted by the record or resolved by way of an evidentia-ry hearing. We therefore affirm the trial court’s summary denial as to claims (2) and (3) and reverse the remainder of the trial court’s order denying Rodriguez’s motion for postconviction relief, and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.